(May 8, 1995)

■ In the Matter of THOMAS A. DUSSAULT, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [626 NYS2d 319] —Per Curiam. Respondent was admitted to practice by this Court in 1976 and maintains a law office in the City of Albany.

By affidavit dated April 25, 1995, respondent submits his resignation as an attorney pursuant to section 806.8 (22 NYCRR 806.8) of this Court's Rules. In the affidavit, respondent discloses and admits to very serious and substantial conversion of client funds and to several instances of serious neglect of client matters and misleading the clients as to the status of their cases. Respondent admits to conversion or misapplication of funds from four clients totalling $333,610.45. The Committee on Professional Standards, apprised of the resignation application, has no objection to its acceptance by this Court.

Since the affidavit tendered by respondent complies with the requirements of section 806.8, we therefore accept respondent's resignation and order his disbarment pursuant to section 806.8 (b).

Inasmuch as most of the funds admittedly converted by respondent were held by him in connection with various pending bankruptcy and corporate dissolution matters, the individuals and entities presently owed these moneys cannot be determined from the papers now before the Court. Accordingly, respondent is directed to cooperate with petitioner, in

consultation with the Lawyers' Fund for Client Protection, in the formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e).

Mikoll, J. P., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's resignation application submitted pursuant to section 806.8 (22 NYCRR 806.8) of this Court's Rules, be and hereby is accepted, and it is further ordered that respondent be and hereby is disbarred, effective immediately; and it is further ordered that respondent is directed to cooperate with petitioner, in consultation with the Lawyers' Fund for Client Protection, in the formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e); and it is further ordered that respondent he and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.