(February 9, 1996)

■ In the Matter of RICHARD M. MORAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [639 NYS2d 744] —Per Curiam. Respondent was admitted to practice by the Appellate Division, First Department, in 1959. He maintains an office for the practice of law in the community of Milton, Ulster County.

In response to an investigation commenced by petitioner, the Committee on Professional Standards, respondent admitted to conversion of settlement funds due a client and submitted his resignation from the Bar. By supplemental affidavit, respondent admits owing settlement moneys, totalling $230,694, plus interest, to clients in an additional 12 matters. Respondent also admits delay in paying settlement moneys to clients in two other matters but avers that he has now paid such clients the amounts due them, except as to interest he has agreed to pay them. Petitioner does not object to acceptance of respondent's resignation.

Since the affidavits tendered by respondent comply with the requirements of 22 NYCRR 806.8, we accept respondent's resignation and order his disbarment pursuant to 22 NYCRR 806.8 (b).

Respondent's affidavits imply that he misappropriated or misapplied the settlement funds he lists in his supplemental affidavit. Accordingly, respondent is directed to cooperate with petitioner, in consultation with the Lawyers' Fund for Client Protection, in the prompt formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e) (*see, e.g., Matter of Dussault*, 215 AD2d 843).

Cardona, P. J., Mercure, Casey, Spain and Yesawich Jr., JJ., concur. Ordered that respondent's resignation application, submitted pursuant to 22 NYCRR 806.8, be and hereby is accepted; and it is further ordered that respondent be and hereby is disbarred, effective immediately; and it is further ordered that respondent is directed to cooperate with petitioner, in consultation with the Lawyers' Fund for Client Protection, in the prompt formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e); and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of 22 NYCRR 806.9 regulating the conduct of disbarred, suspended or resigned attorneys.